**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ENCYCLOPAEDIA BRITANNICA, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 10-0454 (JDB)** |
| **DICKSTEIN SHAPIRO, LLP,** | |
| **Defendant.** | |

**ORDER TO SHOW CAUSE**

Plaintiff Encyclopaedia Britannica, Inc., filed this legal malpractice action against defendant Dickstein Shapiro, LLP, based on the prosecution of several patents. In its complaint, Britannica asserts that the Court has jurisdiction under 28 U.S.C. § 1338, which states in part that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). In a prior opinion, this Court noted that "[i]t is not entirely clear . . . that this case, sounding in malpractice, actually 'arises under' the patent laws," but noted likely jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. See Memorandum Opinion [Docket Entry 36] at 7 n.5 (Feb. 2, 2012).

Today's Supreme Court decision in Gunn v. Minton makes clear that 28 U.S.C. § 1338 cannot, indeed, be the basis for jurisdiction in this case. See Gunn v. Minton, No. 11-1118, slip op. at 6-7 (U.S. Feb. 20, 2013) ("[I]t is clear that [plaintiff]'s legal malpractice claim does not arise under federal patent law. Indeed, for the reasons we discuss, we are comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of §1338(a)."); see also id. at 9-10 (finding the patent question insufficiently substantial because: "No matter how the state courts resolve that

1

hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation. [Plaintiff]'s patent will remain invalid").

Accordingly, 28 U.S.C. § 1332(a), which grants federal courts jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," appears to be the only viable basis for jurisdiction in this case. Britannica's allegations, however, are insufficient to establish complete diversity because they list only Dickstein's principal place of business, but do not indicate the citizenship of each Dickstein Shapiro partner. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) ("[D]iversity jurisdiction in a suit by or against [a limited partnership] depends on the citizenship of . . . each of its members." (citations and internal quotation marks omitted)); see also Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 586 (2004) ("federal court must look to citizenship of partnership's limited, as well as its general, partners to determine whether there is complete diversity" (citing Carden, 494 U.S. at 195-96)).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and the Court will hence dismiss this action if no basis for jurisdiction exists.

For the foregoing reasons, it is hereby

**ORDERED** that defendant shall provide plaintiff with notice of whether it has any partners who are citizens of Delaware or Illinois by not later than February 28, 2013; it is further

**ORDERED** that plaintiff shall show cause by not later than March 7, 2013, why this matter should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that, if defendant disagrees with plaintiff's jurisdictional argument, it shall file a response by not later than March 13, 2013.

**SO ORDERED**.

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  February 20, 2013